# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10100
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 24, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JACK O'NEIL HARGROVE,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:12-CR-320-7

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Jack O'Neil Hargrove appeals the 324-month, within-guidelines sentence imposed by the district court following his guilty plea conviction for conspiracy to possess with the intent to distribute 500 grams or more of methamphetamine. He argues that the sentence is procedurally unreasonable because the district court did not provide sufficient reasons for its selection and substantively unreasonable because it does not account for two factors that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

should have received significant weight, i.e., the disparity between his and his codefendants' sentences and that he committed the offense shortly after losing a second adult son to accidental death in less than two years.

Although Hargrove filed written motions requesting a departure or a variance based on these facts, Hargrove did not object when the district court overruled his arguments and imposed a sentence at the low end of the guidelines range. Accordingly, our review is limited to plain error. *United States v. Powell*, 732 F.3d 361, 381 (5th Cir. 2103), *cert. denied*, 132 S. Ct. 1326 (2014); *United States v. Dominguez-Alvarado*, 695 F.3d 324, 327 (5th Cir. 2012).

On plain error review, a defendant who argues that his within-guidelines sentence is procedurally unreasonable due to insufficient explanation must show that a more detailed explanation by the district court would have resulted in its imposing a lower sentence. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 365 (5th Cir. 2009). Hargrove has not made such a showing.

Before selecting Hargrove's sentence, the district court reviewed the presentence report and written submissions of both parties, and it heard further argument at the sentencing hearing. The district court expressly found that the 18 U.S.C. § 3553(a) factors were adequately reflected by the guidelines calculations and did not support a variance. We will not disturb a within-guidelines sentence on plain error review "merely because an appellant disagrees with the sentence and the balancing of factors conducted by the district court." *United States v. Powell*, 732 F.3d 361, 382 (5th Cir. 2013), *cert. denied*, 134 S. Ct. 1326 (2014). As Hargrove has not rebutted the presumption that his within-guidelines sentence is reasonable, the judgment of the district court is AFFIRMED.